(118 N. W. 233.)

---

P. S. HILLEBOE, AS ADMINISTRATOR OF THE ESTATE OF ELIAS ER-TRESVAAG, DECEASED, v. N. J. WARNER, W. R. McINTOSH, C. L. NEWHOUSE, A. R. MACKAY,, D. H. McARTHUR, MARK HAWKER, H. C. DANA, R. A. SCHOLFIELD AND C. B. ADAMS.

Opinion filed October 10, 1908.

Rehearing denied December 31, 1908.

**Depositions — Objections — Admission in Part.**

1. A general objection to a deposition, on the ground of the incompetency or irrelevancy of the evidence contained therein, is not tenable where the deposition contains evidence material to the issues not subject to such objection.

**Appeal and Error — Harmless Error — Admission of Evidence — Facts Otherwise Appearing.**

2. The admission of incompetent or irrelevant evidence over objection on a trial to the court is not prejudicial error where there is in the record undisputed evidence not objected to bearing on the same issue as the testimony objected to.

**Principal and Surety — Alteration of Instrument — Discharge of Surety.**

3. The erasure by or on behalf of the obligee of a surety's name on a contractor's bond releases all sureties on said bond who signed after the surety whose name was erased and before the erasure, unless they consented to the erasure.

**Same — Consent to Alter.**

4. The possession of a bond by the obligee while an alteration is made therein, together with the fact that an action is commenced on the bond in its altered form, is sufficient evidence to sustain a finding that the alteration was made by or with the consent of the obligee.

Appeal from District Court, Bottineau County; *Burke, J.*

Action by P. S. Hilliboe, as administrator of the estate of Elias Ertresvaag, deceased, against N. J. Warner, W. R. McIntosh, and others. Judgment for McIntosh and such others, and Hilliboe appeals.

Affirmed.

*Noble, Blood & Adamson, (Ball, Watson, Young & Hardy,* of counsel), for appellant.

The execution of a bond to an obligee, since deceased, is as to the signers a transaction to which neither can testify. Regan v. Jones, 14 N. D. 591, 105 N. W. 613; Amchampauch v. Schmidt, 34 N. W. 460; Waters v. McCrevey, 82 N. W. 949; Bright v. Macron, 121 N. C. 86; Garretson v. Kinkhead, 92 N. W. 55; Bryant v. Stainbrook, 19 Pac. 917; In re Brown's Estate, 60 N. W. 659.

*A. G. Burr,* for respondents.

Alteration of a bond releases sureties, if it is done without their consent. Hagler v. State, 47 N. W. 692, 28 Am. St. Rep. 514; State v. Craig, 12 N. W. 301; State v. Churchill, 3 S. W. 352; Smith v. U. S., 3 Wall. 219; Pingrey on Suretyship, section 67,

103, 138; Welch v. Hubschmitt, 61 N. J. Law 57; Greenville v. Ormans, 51 S. C. 58, 64 Am. St. Rep. 663; Simonson v. Thori, 31 N. W. 861; Brennan v. Clark, 45 N. W. 472; Pioneer Sav. & Loan Co. v. Freeburg, 61 N. W. 25; Backus v. Archer, 67 N. W. 913.

Parties are not excluded from testifying to transactions with which decedent had no connection. Giles v. Wright, 26 Ark. 476; Tarry v. Rodahan, 11 Am. St. Rep. 420; St. John v. Lofland, 5 N. D. 140, 64 N. W. 931; Hard v. Ashley, 23 N. E. 177; Wadsworth v. Heermans, 85 N. Y. 639; Thompson v. Onley, 1 S. E. 620.

MORGAN, C. J. The plaintiff, as administrator of the estate of E. Ertresvaag, deceased, brings this action against the defendants to recover damages for the alleged breach of a bond given by them for the faithful performance of a building contract between Ertresvaag in his lifetime as the owner of the building and the defendant N. J. Warner, the contractor. The other defendants are sureties upon said bond. The complaint alleges the execution of the bond and the purposes for which it was executed. It further alleges that said Ertresvaag paid said Warner the full amount due him upon the completion of the building pursuant to said contract. It further alleges that Warner had failed to pay for the labor and materials furnished for said building, and that in consequence of such failure the George Olson Lumber Company filed a lien against such building on account of having furnished materials in the construction thereof, and that said Ertresvaag was compelled to pay to the George Olson Lumber Company the sum of $1,616.55 to prevent the foreclosure of the valid mechanic's lien placed upon said building by said lumber company. The complaint further alleges that the said Ertresvaag was damaged in other respects by the failure of said Warner to carry out the provisions of said contract by reason of delays in the completion of said building, and that in consequence of such delays said Ertresvaag was damaged in the further sum of $900. The plaintiff demands judgment against the said Warner and against the sureties for the sum of $2,687, besides costs. The defendants, except Warner, answered. The sureties by their answer interpose nine defenses to the complaint. The principal defense relied upon is that the bond was materially altered after its execution by them, and that, by such alteration, the contract was changed and their liability increased by reason of such changes. The allegations of the answer in re-

spect to such alteration are that one T. F. Woods signed such bond as surety when each of said defendants signed said bond, and that each signed said bond, relying upon the fact that said Wood's name was upon said bond, and that they would not have signed said bond had the name of said Woods not appeared thereon as surety. After all of the said defendants had signed said bond, the name of said Woods was erased therefrom without their knowledge or consent. It is not necessary, in view of our decision upon the issue raised upon the allegations of the answer in respect to the erasure of the name of said Woods from said bond, to determine or consider the questions raised by the other allegations of the answer. A jury was waived and the issues were submitted to the court for determination. After taking testimony, the trial court made findings of fact and conclusions of law in favor of defendants, and ordered the action dismissed as to the answering defendants. Judgment was entered pursuant to such findings, and the plaintiff has appealed from such judgment, and assigns numerous errors in respect to the sufficiency of the evidence to sustain the findings and in respect to errors in the admission of evidence.

At the trial each of the defendants was asked the following question: "You may state whether or not the signature of T. F. Woods was on this instrument at the time you signed it." This question was objected to as incompetent, irrelevant, and immaterial, being testimony of one of the defendants in regard to a personal transaction had with E. Ertresvaag, deceased. The trial court overruled the objection made to this and similar questions, and the plaintiff excepted thereto, and this ruling is assigned as prejudicial error by the appellant on this appeal. We do not deem it necessary, in view of the condition of the record, to determine whether the question was objectionable on the ground stated—that is, that it referred to a transaction with a deceased person, whose administrator is a party to the action—the witness being also a party to the action. The testimony of the contractor, Warner, was taken by deposition, and the deposition was introduced and read in evidence. He therein testifies fully in respect to the matters concerning which the objection above given referred to; that is, the signing and erasure of Woods' name. He testified that the name of Woods was upon the bond when the other sureties, except McIntosh, signed the same, and that the name of Woods was the second or third name upon said bond; his own being the first. McIntosh

and Woods signed at the same time. The witness is not positive which of these sureties signed the bond first, but he states that one of them was the first signer and the other the second. The bond shows that the name of Woods was the first surety that signed the same. This evidence in respect to the fact that the name of Woods was upon the bond was not objected to at all in the deposition. All of this evidence was therein received without any objection, including that pertaining to the erasure of Wood's signature. The record shows that the name of Woods was upon the bond by evidence which is sufficient to sustain the findings of the trial court, and the finding in respect to the matter of the signature of T. F. Woods is as follows: "That said bond was first signed by N. J. Warner, the next by one T. F. Woods, and then by the other sureties, and that at the time the defendants other than the said N. J. Warner signed said bond the name of T. F. Woods was attached thereto as one of the sureties; that the name of said T. F. Woods was erased from said bond, and his liability as surety thereto canceled after the defendants, other than N. J. Warner, had signed said bond, and without the knowledge or consent of said sureties, and that said erasure was made by and on behalf of said E. Ertresvaag." If it should be conceded that the testimony of the sureties as to the matters objected to was inadmissible, and should not have been admitted, it is nevertheless a fact that the record on this appeal shows without contradiction that the name of said T. F. Woods was erased from said bond after the other sureties had signed, and that the said Woods' name was upon the bond when the other sureties signed the same. It is therefore clear that the admission of such evidence was without prejudice, even if it be conceded that it was erroneously admitted.

The appellant claims that this testimony was all objected to, and that the objection is sufficient, and that it should be considered by this court. After the deposition was filed, the plaintiff filed written objections thereto, and, upon the point under consideration, the objection to the deposition is as follows: "The plaintiff objects to the entire deposition on the further ground that it is incompetent, irrelevant, and immaterial, and testimony of a personal transaction had with one of the parties to this action and a personal transaction between the defendant, a party to this action, and E. Ertresvaag, now deceased." It will be noted that this is simply an objection to the deposition as a whole on account of the incom-

petency, irrelevancy, and immateriality of the testimony. There is no objection to any specific question. If a reading of a deposition shows that it contains evidence as to other matters which are material to the issue, then it is plain that the objection should have been overruled. Upon reading the deposition, we find that it contains material evidence not involving any transaction with or statement made by the deceased. There is testimony therein as to when the building was completed, and as to the situation of the old store building while the new building was in process of erection. This evidence was material as bearing upon the allegation of the complaint as to damages for failure to complete the building within the time specified in the contract. It is therefore patent that the general objection to the deposition was not tenable, and was properly overruled. An objection to a deposition as a whole cannot be deemed an objection to any question contained therein. It follows that all the evidence in the deposition was received without objection.

It is not seriously disputed by the appellant on this appeal that the erasure of the name of Woods from the bond is a complete defense to the other sureties who signed the bond after said Woods had signed the same and before his name was erased. In this case there was no agreement as to the number of sureties that should sign the bond, nor as to who the sureties should be. It is claimed that the erasure of the name under such circumstances changed the implied contract of contribution among the sureties, and that the sureties who signed the bond after said Woods had signed the same as a matter of law signed it on the understanding that Woods would be liable to them in contribution should they be required to pay the bond. In other words, they signed it, relying upon Woods' responsibility, and that the erasure was therefore a material alteration of the bond. In these contentions we concur. In two cases the principle has been adopted by this court. Cass Co. v. American Exchange Bank, 9 N. D. 263, 83 N. W. 12; Id., 11 N. D. 238, 91 N. W. 51. It is claimed by the appellant that there is no evidence in the record that the erasure was made by Ertresvaag or by his authority or with his consent. There is no direct evidence bearing upon this question. It appears, however, that the bond was in the custody of Ertresvaag, and this fact, together with the fact that the action is not brought against Woods, is sufficient prima facie

to sustain the finding that the erasure was made with the consent of Ertresvaag.

In view of these conclusions, it is unnecessary to consider the other defenses raised by the answer.

The judgment is affirmed. All concur.